UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA RODGERS, et al.,

    Plaintiff,

v.                                            Case No.: 8:19-mc-115-T-35AAS

HERBALIFE INTERNATIONAL OF
AMERICA, INC.,

    Defendant.
_____/

## ORDER

Nonparty Keith Ribalta moves to quash the subpoena for deposition issued by Herbalife International of America, Inc. (Herbalife). (Doc. 1). Herbalife opposes Mr. Ribalta's motion. (Doc. 2).

## I.    BACKGROUND

The underlying action pends in the United States District Court, Central District of California, Western Division, Case No. 2:18-cv-0780-JAK-MRW. (Doc. 1-2). Herbalife indicates it is a nutrition and weight management company that provides business opportunities in the form of multilevel marketing. (*Id.*). Mr. Ribalta's wife, Jennifer Ribalta, purchased and sold Herbalife products. (*Id.*). Ms. Ribalta alleges Herbalife misled her into attending many costly Herbalife events presented as the "guaranteed pathway to attaining life changing success." (*Id.*). Ms. Ribalta, along with three other putative class representatives, bring claims against Herbalife for conducting affairs of a racketeering enterprise, conspiring to conduct

1

the affairs of a racketeering enterprise, violations of California's consumer protection statute, and negligent misrepresentation. (*Id.*).

Herbalife seeks to depose Mr. Ribalta in this district. (Doc. 1-1). Mr. Ribalta moves to quash the subpoena because his testimony is not relevant to any party's claim or defense, is not proportional to the needs of the case, and imposes an undue burden on him. (Doc. 1).

## II. ANALYSIS

Herbalife argues Mr. Ribalta possesses relevant information about the claims and defenses in this action, specifically: (1) Ms. Ribalta's management of her Herbalife finances and profits; (2) the reason Ms. Ribalta stopped working with Herbalife; and (3) Mr. Ribalta's concerns and negative opinions about Herbalife. (Doc. 2, pp. 6-9).

Under Rule 45, a court may quash, modify, or specify conditions for responding to a subpoena. Fed. R. Civ. P. 45(d)(3). Rule 45(d)(3) provides that, on a timely motion, a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). The moving party bears the burden of establishing that the subpoena must be quashed. *Bledsoe v. Remington Arms Co., Inc.*, No. 1:09-cv-69, 2010 WL 147052, *1 (M.D. Ga. Jan. 11, 2010 (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004))).

The scope of discovery under a subpoena issued pursuant to Rule 45 is the

2

same as the scope of discovery under Rule 26.  *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014).  Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  While discovery is broad, parties may not engage in a "fishing expedition" to obtain evidence to support their claims or defenses.  *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

Concerning Mr. Ribalta's supposed testimony about Ms. Ribalta's alleged difficulty tracking her Herbalife finances and profits, Mr. Ribalta declared he "generally recall[s] [Ms. Ribalta] complaining [] that she had difficulty tracking her income and expenses with Herbalife."  (Doc. 1-3).  Concerning the reason Ms. Ribalta stopped working with Herbalife, Ms. Ribalta testified that she and Mr. Ribalta started practicing yoga, and then she decided to quit Herbalife and open a yoga studio.  (Doc. 2, p. 10).  Mr. Ribalta's testimony on these two limited subjects is marginally relevant and sufficiently proportional to warrant a very limited deposition of Mr. Ribalta.

On the other hand, deposition testimony related to Mr. Ribalta's concerns and negative opinions about Herbalife is not relevant or proportional to the needs of this case.  Also, Herbalife may not inquire into matters subject to the marital communications privilege.  *See United States v. Abram*, 171 F. App'x 304, 310 (11th Cir. 2006) ("The marital communications privilege . . . excludes information privately

3

disclosed between husband and wife in the confidence of the marital relationship." (citation omitted)).

Because Mr. Ribalta may possess some, albeit limited, information that is relevant and proportional to this action and Mr. Ribalta has not established this information is protected or a short deposition on these limited topics would otherwise subject him to an undue burden, the court will allow a limited deposition. Because Mr. Ribalta does not have responsive documents to Herbalife's request, the court will not address the Herbalife's request for documents.

### III. CONCLUSION

Mr. Ribalta's motion to quash subpoena for deposition (Doc. 2) is **GRANTED-IN-PART and DENIED-IN-PART**. Herbalife may depose Mr. Ribalta on the limited topics of Ms. Ribalta's alleged difficulty tracking her Herbalife finances and profits and the reason Ms. Ribalta stopped working with Herbalife. The deposition must last no longer than sixty minutes. Within the sixty minutes, Herbalife is allotted the first forty-five minutes of questioning and Mr. Ribalta's counsel may spend the remaining fifteen minutes asking questions after Herbalife's counsel completes its questioning.

**ORDERED** in Tampa, Florida on January 17, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge